### LORD et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   January 21, 1916.)

1. CONTRACTS ⊜⇒196—PUBLIC BUILDING—ARCHITECTS' CONTRACT—EXCEEDING COST LIMIT—EFFECT.

Plaintiff architects were employed by the president of the borough of Brooklyn to prepare plans and specifications and estimates for a public building; the contract providing that, if the plans were not satisfactory to the president, plaintiffs should revise them to meet his requirement, and "so that the estimated cost, including architects' fees and cost of survey and inspection, shall be well within the total appropriation." The plans were made with the cost estimated at $3,300,000, and were approved by the president and the municipal arts commission. The only appropriation in existence was one for $500,000 "to provide means for the erection of a new municipal building for the borough of Brooklyn." *Held* that, as the cost limitation must be construed as referring to an existing appropriation, plaintiffs could not recover the contract price of the plans, since they had failed to comply with the estimated cost provision of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 856–860; Dec. Dig. ⊜⇒196.]

2. CONTRACTS ⊜⇒196—PUBLIC BUILDING—ARCHITECTS' CONTRACT—COST ESTIMATE—CONSTRUCTION.

Such contract cannot be construed as limiting the operation of the estimated cost provision to a revision to meet the requirement of the president, and not as applicable where the original plans were approved, since the cost limitation was binding on the president, and he had no power to waive or change the requirement that it be within the appropriation.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 856–860; Dec. Dig. ⊜⇒196.]

3. CONTRACTS ⊜⇒196—PUBLIC BUILDING—INADEQUATE APPROPRIATION—ARCHITECTS' CONTRACT—INSTRUCTION.

The fact that the building contemplated could obviously not be built within existing appropriation, and that the parties were therefore justified in proceeding upon the assumption that further sums were to be appropriated, cannot affect the contract obligations, since it is not the province of the courts to change ill-advised contracts.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 856–860; Dec. Dig. ⊜⇒196.]

4. MUNICIPAL CORPORATIONS ⊜⇒230—PUBLIC BUILDING—ARCHITECT—COMPLETION OF DETAIL PLANS AND SUPERVISION—VALIDITY.

The further agreement of the borough president to pay plaintiffs for completing detailed plans and for supervision an amount equal to 1¼ per cent. of the total estimated cost of such building was invalid, since

the president had no power to contract for such services until there was an appropriation for the building which was the subject of such plans.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 654–656; Dec. Dig. ☞230.]

Appeal from Trial Term, New York County.

Action by Austin D. Lord, A. Monroe Hewlett, and Edward D. Litchfield, copartners doing business under the firm name and style of Lord & Hewlett, against the City of New York. From a judgment for plaintiffs on their first cause of action, and dismissing their second cause of action, both parties appeal. Judgment for plaintiffs reversed, and judgment dismissing second cause affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Jeremiah T. Mahoney, of New York City, for plaintiffs.
E. Crosby Kindleberger, of New York City, for defendant.

PAGE, J. [1] The action was brought by a firm of architects who were employed by the president of the borough of Brooklyn to prepare plans and specifications for a new courthouse and municipal building in said borough. The contract provides among other things:

"(2) If the said preliminary drawings, specifications, and estimates are not satisfactory to and approved by the president, then the architects shall and will revise and correct the same so as to conform to the suggestions, criticisms, and requirements of the president, and so that the estimated cost, including architects' fees and cost of survey and inspection, shall be well within the total appropriation.

"(3) The city hereby retains and employs the architects to perform the above said services, and in consideration of their performing them the city hereby agrees to and with said architects to pay them, upon the completion and approval by the borough president of the drawings and specifications called for by clause two (2) hereof, the sum of ten thousand dollars ($10,000)."

The plans and specifications and estimate of cost of the building were made and approved by the president of the borough and the municipal arts commission. The estimated cost of the building was $3,300,000. The first cause of action upon which the plaintiff has secured judgment, and from which the city appeals, was for the $10,-000 under the agreement. Prior to making the contract the only appropriation that had been made was for $500,000 "to provide means for the erection of a new municipal building for the borough of Brooklyn." The appellant argues that the estimated cost, based on the plans and specifications prepared, instead of being well within the total appropriation, exceeded it by $2,800,000, and that by reason thereof the plaintiff failed to bring himself within the terms of his employment and cannot recover.

We must assume that the words of the contract express the intention of the parties, and when they state as a limitation upon the estimated cost that it shall be within an appropriation they refer to an existing appropriation, and as there was one such appropriation, and no other, they must of necessity have referred to that appropriation. To adopt the respondent's contention, and substitute the estimated costs for which they expected an appropriation to be made, would not

alone make a new contract, but would remove all limitation within which the cost was to be kept. It is clear, therefore, that the plaintiff did not comply with the terms of his employment. Horgan & Slattery v. City of N. Y., 114 App. Div. 555, 561, 100 N. Y. Supp. 68; Bernstein v. City of N. Y., 143 App. Div. 543, 127 N. Y. Supp. 987.

[2] It has been suggested that the clause limiting the cost should be construed to apply to the agreement of the architects to revise the plans and specifications to meet the requirements of the borough president; and, he having approved the plans and not required them to be so modified, the architects are entitled to the fee. The limitation was binding, not alone on the architects, but upon the borough president. He had no power to waive or change the requirement that the cost should be within the appropriation. Bernstein v. City of N. Y., supra, 143 App. Div. 545, 127 N. Y. Supp. 987.

[3] It is argued that a public building, for the purpose that this was to be used, could not have been built for the sum appropriated, and therefore the parties were justified in believing that further sums would be appropriated. The difficulty with this argument is that we are required to prophesy the future action of the board of estimate, or to exclude entirely the words referring to the appropriation. The contract may have been a foolish one for the parties to have made. We, however, are not required to make another one for them, but to interpret the contract they have made according to the language used by them. The judgment as to the first cause of action should be reversed, with costs.

Judgment was given for the defendant on the second cause of action, and the plaintiffs appeal from that portion of the judgment.

[4] The second cause of action was predicated upon an agreement made by the borough president with the plaintiffs to pay them an amount equal to $1\frac{1}{4}$ per cent. of the total estimated cost. Although the complaint alleges that this contract was reduced to writing and submitted to the corporation counsel for approval, it does not allege that it was approved or signed. The justice dismissed this cause of action, however, on the ground that the borough president had no power to make a contract for the architect to complete detail plans and for supervision until there had been an appropriation for the building which was the subject of the plans and specifications. I find no error in the action of the court in dismissing this cause of action.

Both sides moved for the direction of a verdict. The part of the judgment from which the defendant appeals should be reversed, with costs. The part of the judgment from which the plaintiffs appeal is affirmed, with costs, and judgment directed for the defendant, dismissing the complaint, with costs. All concur.

157 N.Y.S.—9